Gomez v. Garr.

*Rensselaer Glass Factory* v. *Reed,* (5 · *Cowen,* 587,) and in the case of *Feeter* v. ·*Heath,* (11 *Wendell,* 477,) it can no longer be doubted that a writ of error will lie on the judgment of any court confirming a report made by referees, where the cause was referred in pursuance of the statute. The facts may in some form be spread upon the record so as to give the party the same opportunity for a review that he would have on a trial by jury. As to the legal objections taken on the hearing, the case will be similar in character to a bill of excep- [576] tions ; and as to the questions of law growing out of the proofs before the referees, the case will partake of the character of a special verdict. Questions of law only, and not the weight of evidence, can be examined on a writ of error ; and the rule is the same on a motion for a *mandamus.* (*Ex parte Baily,* 2 *Cowen,* 479.)

In the case of *The Rensselaer Glass Factory* v. *Reed,* a statement of the facts, as they appeared before the referees, was drawn up under the direction of the chief justice and annexed to the record. In *Feeter* v. *Heath,* the referees made a special report of the facts to this court, and this report was incorporated at large in the judgment record. In the case under consideration, the facts which appeared on the hearing were presented to the superior court by the affidavit of the attorney for the defendants, and as there was no dispute about what the evidence was before the referees, they were not called upon to make a special report. I do not think it necessary to determine in what form the facts should in this case be placed upon the record for the purpose of giving the relators the full benefit of a writ of error, though I am inclined to the opinion that the chancellor has pointed out the proper mode, in the opinion delivered by him in the case of *Feeter* v. *Heath.* It cannot be doubted that the superior court, on a proper application for that purpose, will take such order in the premises as may be necessary to enable the party to bring error ; and it is enough for the present occasion that the relators have an appropriate legal remedy, without the aid of a *mandamus.*

Motion denied.

---

GOMEZ *vs.* GARR.                                    [577]

*Security for costs* cannot ·be required of a plaintiff on the ground that his person has been *exonerated from imprisonment,* where the discharge was granted long since ; to entitle a defendant to succeed on such motion, he should show the *present inability* of the plaintiff to pay costs.

Besides, it is questionable whether the statute applies to suits commenced previous to its enactment.

ON an affidavit of the defendant that the person of the plaintiff had been *exonerated from imprisonment* pursuant to law, and that the defendant had not since contracted any debt to him, *Judge Edwards* made an order that the plaintiff file security for costs within twenty days, or show cause at the next special term of this court ; and in the mean time the plaintiff's proceedings were stayed.

The plaintiff now shows for cause, that the suit was commenced before the passing of the statute requiring security for costs, (2 *R. S.* 620, § 1 ;) and that the discharge of the plaintiff from imprisonment, mentioned by the defendant, was granted in October, 1826.

*By the Court,* BRONSON, J. The language of the statute is prospective, " when a suit shall be commenced," and there may be some doubt whether it will apply to an action commenced before the year 1830. But there is another objection to requiring security in this case. The plaintiff was exonerated from imprisonment *nearly ten years ago ;* and there is no proof that he still continues insolvent. The statute provides that the defendant may require security for costs, ·when a suit shall be brought in the name of any person *being insolvent,* who shall

have been discharged from his debts, or whose person shall have been exoner-ated from imprisonment. ¹ If the discharge had been recent, no further evidence of insolvency would have been necessary : but after the lapse of nine or ten years the party should furnish some further proof of the present inability of the plaintiff to pay his debts. The order requiring security and staying the plaintiff's pro-ceedings must be discharged.

---

[578]                                  Anon.

Service of papers is not good, by putting them under the door and pushing them into the of-fice of the attorney to whom they are directed.

The attorney to whom the papers are addressed is entitled to costs for appearing and objecting to the service ; but if the motion be denied on such objection, he cannot charge for any pa-pers prepared in opposition.

This was a motion for re-taxation of costs. It was objected that the affidavit and notice of motion had not been duly served. It appeared that service was made by putting the papers under the door and pushing them into the attorney's office, no person being therein, and the same being shut and locked.

*By the Court*, Bronson, J. The service was not sufficient. The 11th rule of this court authorizing papers to be left in some suitable and conspicuous place in the office clearly contemplates a case where the office is open. When the office is left in such a condition that third persons can enter, it may reasonably be pre-sumed that the owner is only absent for a short period, and that papers left on his desk or table will come to his hands on the same day. But when the office is shut and locked, there is no foundation for such a presumption, and the service should be made at his residence. It is enough, however, that the rule is explicit " if the office be not open so as to admit of service therein," then service is to be made at the attorney's residence.

The attorney must have the costs of appearing to make the objection. There was formerly some doubt about the practice on this point; but it is now settled, that the party is entitled to costs where he appears and objects that the notice was insufficient. Although the court will not suffer a rule to be taken by default without proof of service of the papers, defects and insufficiencies may sometimes pass unobserved, if the party do not appear to make the suggestion ; and this lays the foundation for a second motion to correct the error. (9 *Wendell*, 450.) [579] As the defect here appears on the papers of the party moving, and is not waived, he should only be charged with the costs of appearing, and not with any papers which may have been prepared in opposition to the motion. Motion denied, with costs as above.

---

The People, *ex rel.* Fryer, *vs.* New-York Common Pleas.

A party is not entitled to costs on the ground that the *title to land came in question*, where a de-fendant justifies an entry on the *locus in quo* under a *license*.

Motion *for mandamus.* *Fryer* brought an action for trespass *quare clausum fregit* in the N. Y. common pleas, against *Bennet*, who pleaded the general issue, and gave notice of justification. By the notice the defendant disclaimed and dis-avowed all title or interest in the lands, but set up that he was in the employ of J. & C. Miller, who occupied premises adjoining the close in question, and that he entered on the plaintiff's close for the purpose of opening the drain of Miller's cellar, which had been stopped up ; and he alleged that " an implied *permission*, or permission absolute or from necessity had been therefore granted." As to